# MARCH, 1928

CITIZENS' NATIONAL BANK OF HILLSBORO v. TOM GRAHAM.

No. 4160.   Decided March 28, 1928.
(4 S. W., 2d Series, 541).

*Collins, Dupree & Crenshaw,* for plaintiff in error. It is the duty of this court to give meaning and effect to all parts of a statute and not to so construe a portion of a statute as either to render it inconsistent with other provisions or make it meaningless.

It is evident from the first portion of the proviso that the Legislature intended to authorize the enforcement of all notes secured by the same deed of conveyance at any time prior to four years after the maturity date of the last note, and the last part of said proviso can only be construed as a limitation or qualification of that right, since it is a well settled rule of statutory construction that qualifying phrases or clauses are to be applied to the words or phrases immediately preceding, and are not to be construed as extending to or including others more remote. So then it becomes necessary to ascertain what limitation the Legislature intended to place upon the first part of the proviso by the qualifying clause contained in the last part of the proviso. The words "not then barred," contained in the last or qualifying part of the proviso, can only refer either to (a) the date of bringing suit, or (b) the date of maturity of the last maturing note. To hold that the words "not then barred" relate to the date of bringing suit violates two rules of statutory construction in that: first, it renders the entire proviso meaningless, since the first and second sub-division of the statute already gives that right, and second, that it makes the qualifying clauses of the proviso relate to the remote antecedent contained in the first and second sub-division rather than to the last antecedent contained in the first part of the proviso. Art. 5694, Vernon Sayles' Rev. Civ. Stats.; Cathey v. Weaver, 242 S. W., 447.

*Frazier & Averitte,* for defendant in error. Notes Nos. 3 and 4, having each matured more than four years before plaintiff filed this suit, the trial court should have sustained appellant's plea of limitation against each of same, instead of overruling the same and directing a verdict against appellant for the amount of said notes, interest and attorney's fees. Art. 5694, Complete Texas Statutes, 1920; Art. 5693, Complete Texas Statutes, 1920; Tulloss v. Mayfield, 198 S. W., 1073; Poole v. Cage, 214 S. W., 500; Ringle v. Waggoner, 238 S. W., 236; McCombs v. Cleveland State Bank, 244 S. W., 1042.

Mr. Justice PIERSON delivered the opinion of the court.

On January 28, 1914, plaintiff in error, Citizens National Bank of Hillsboro, conveyed to defendant in error, Tom Graham, a certain

tract of land, and a part of the consideration therefor was evidenced by a series of five notes of even date with said conveyance. The first two notes were paid. The last three became due January 1, 1917, January 1, 1918, and January 1, 1919, respectively. On March 17, 1922, plaintiff in error filed this suit to recover on said three unpaid notes and to foreclose the vendor's lien retained in the notes and in the conveyance of January 28, 1914. The last of the series at the time suit was filed was less than four years past due, but the other two were more than four years past due. A plea of limitations was interposed to said two notes, and tender was made on the last one. The District Court denied the plea, and gave judgment for the full amount of all three notes with foreclosure of the lien. The Court of Civil Appeals held that two of the notes were barred by the statute of limitations of four years, and limited the recovery to the last note (258 S. W., 1103). The application of plaintiff in error for a writ of error was granted, and the case was transferred to Section A of the Commission of Appeals. The Commission reported an opinion prepared by Judge Harvey, and recommended that the judgment of the Court of Civil Appeals be reversed and that of the District Court be affirmed, which recommendation was adopted by the court on October 14, 1925, and is to be found in 275 S. W., 997. On motion for rehearing, however, the case was withdrawn from the Commission, all previous orders were vacated, and the cause was set down for hearing before the Supreme Court.

The important and controlling question to be decided is the proper construction of Art. 5694 of the Revised Civil Statutes of 1911, as amended by Chap. 123 of the Legislative Acts of 1913. The article reads as follows:

"The right to recover any real estate by virtue of a superior title retained in any deed of conveyance heretofore or hereafter executed, or in any vendor's lien note or notes heretofore or hereafter executed, given for the purchase money of such real estate, shall be barred after the expiration of four years from the maturity of such indebtedness, and if suit is not brought for recovery of such real estate, or for the foreclosure of the lien to secure such note or notes within four years from the date of the maturity of such indebtedness, or if suit is not brought within such time for the recovery of the land by the original vendor, or his transferee, or for the foreclosure of the lien given to secure such notes, the purchase money therefor shall be conclusively presumed to have been paid in any suit to recover

such land or to enforce a lien thereon, and the lien reserved in any such notes and deeds conveying the land shall cease to exist four years after the note or notes have matured, provided the lien reserved in such note or notes may be extended as provided in Sec. 5695 of this chapter, and provided, if several obligations are secured by said· deed of conveyance, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes not then barred by the four years' statute of limitations."

It will be observed that the body· of the article creates a four years' statute of limitations, but follows that with a special provision relating to and affecting "several obligations" or series of vendor's lien notes. Therefore, the article may be divided into two parts: (a) the enacting portion, and (b) the proviso. Each has its purpose and must be given effect, if possible. It is the duty of the court, if possible, to give effect to both parts of said article, so as to effectuate the purpose of the Legislature in each material part of it.

The proviso under consideration contains a compound sentence. But for the limiting effect of the concluding words, the proviso declared a policy that several of a series of vendor's lien notes would be protected·from the four.years' statute of limitations as long as the last one of the series was not barred. It reads: "Provided, if several obligations are secured by said deed of conveyance the same may be enforced at any time prior to four years after the note or obligation last maturing has matured." If the article had stopped there, it is perfectly clear the Legislature would have declared a policy of protecting from the four years bar all of "several obligations" or notes until four years after maturity of the last one. The concluding words: "and may be enforced as to all notes not *then* barred by the four years' statute of limitations," are simply a limitation that this immunity shall extend only to such of the notes as are not "barred by the four years' statute of limitations" at the time mentioned—that is, at the maturity of the last note. This fixes the public policy that such notes are not to be barred if their maturity falls within a period of four years prior to the maturity of the last note of the series. If the word "then" in the last sentence be construed to refer to the time when the suit is filed, and not to the time of the maturity of the last note, as was held by the Court of Civil Appeals, then the first sentence, which is the main and controlling part of the proviso, would become. wholly meaningless and without effect, and in fact would render the entire proviso without effect or

meaning, and would be another way of saying that all vendor's lien notes should be barred within four years after their maturity. As stated above, it is our duty to give meaning to every material portion of the article. The proviso is intelligible, and according to its words has a definite and clear meaning, and fixes a clear and definite policy of limitation as to this class of obligations. It does establish a different rule of limitation as to this class of obligations, but that does not affect its validity or effectiveness.

Construing the article in both of its parts, and giving effect to the proviso according to the clear meaning of the language used, it seems to us clear that it was intended to fix the date the last note matured as the date from which to calculate the four years' limitation as applied to "several obligations" secured by reservation of "superior title retained in any deed of conveyance." The Legislature in its wisdom has seen fit to fix a policy which favors a series of notes, and to give protection to an indulgent creditor and not penalize him for his willingness to await payment on such notes as are not more than four years past due at the maturity of the last note of the series, and as long as the last note is not four years past due.

The meaning given herein to the proviso being clearly in accord with the words used, the plaintiff in error, Citizens National Bank of Hillsboro, had a right to rely upon them and should not be penalized for its indulgence of defendant in error, as it is not claimed that the notes were in fact paid.

In Revised Statutes of 1925 it appears that the proviso as applied to vendor's lien or purchase money notes was omitted, but the similar proviso as applied to "several obligations" secured by mortgage or deed of trust on land was retained. The cause of action in this case arose under the statute as it existed prior to the revision of 1925. We are expressing no opinion as to the effect to be given to the changes made by the codifiers.

We conclude that none of the notes sued on in this case were barred by the statute of limitations. Therefore, the judgment of the Court of Civil Appeals is reversed, and that of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*