R. B. SPENCER & CO. v. TEXAS PAC. COAL & OIL CO.

No. 13278.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 10, 1936.

Rehearing Denied Feb. 14, 1936.

412

See, also, 84 S.W.(2d) 853.

Nat Harris and Mabel Grey Howell, both of Waco, for appellant.

Eugene T. Adair, John Hancock, and Clarence Wightman, all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

On March 15, 1929, what purported to be a valid paving assessment lien was fixed by the city·of Stamford on lot 3, in block 12 of the South Side addition to the city for improving the public street and sidewalks on which that property abutted. The Thurber Construction Company was the contractor doing the work and the lien was in its favor.

On December 6, 1929, the city issued to the contractor its certificate for $275.43, reciting that on that date the work had been completed and had been accepted by the city and that the lien for that amount on the lot above mentioned had been perfected.

At the time the assessment was levied by the city, P. D. Lambeth owned the lot above described and the assessment was made against him as owner; and to further secure the assessment Lambeth also executed a mechanic's lien on the property in favor of the construction company, dated May 6, 1929.

Following is a history of the title and liens thereon: Warranty deed from L. W. Haley and wife to J. R. Billington, dated June 3, 1924; consideration $100 cash paid and Billington's note secured by vendor's lien in the sum of $1,350, payable on or before September 3, 1927, in monthly installments of $35 each on the third day of each month thereafter.

Haley transferred and assigned that vendor's lien note to R. B. Spencer & Co. on June 5, 1924, and on same date Billington executed a deed of trust on the property in favor of R. B. Spencer & Co. to further secure its payment. That deed of trust was duly acknowledged and delivered June 10, 1924.

Deed, dated March 30, 1925, from Billington to C. W. Knight; the consideration for that transfer was $390 cash paid and the assumption by Knight of $1,060, unpaid balance of the note executed by Billington to Haley.

Deed, dated April 8, 1925, from C. W. Knight to P. D. Lambeth, in which Lambeth assumed payment of the same vendor's lien note.

Deed of trust of date April 8, 1925, executed by Lambeth in favor of R. B. Spencer & Co., to secure payment of $1,060 of the Billington note then unpaid, but making the same payable in monthly installments of $25 each on the eighth day of each succeeding month instead of $35, as originally stipulated in accordance with agreement of the parties to that change.

Deed from Lambeth to J. N. Cleveland, dated August 28, 1929, in which grantee assumes payment of $602.85 of the Billington note, reciting that same is payable in monthly installments of $35 each, on the 3d day of July and each succeeding month after June 3, 1924, until all are paid, and further reciting that R. B. Spencer & Co. was then the legal owner of the note.

On February 27, 1930, the Thurber Construction Company assigned to the Texas Pacific Coal & Oil Company the paving certificate and lien securing it.

All the foregoing instruments were duly filed and recorded in the county where the property was situated.

This suit was instituted by the Texas Pacific Coal & Oil Company to recover $300, the unpaid balance due on that paving certificate with interest thereon and $50 additional as attorneys' fees and for foreclosure of the assessment lien on the lot noted above. J. N. Cleveland, P. D. Lambeth and wife, Opal Lambeth, and the members of the partnership firm of R. B. Spencer & Co. were all made defendants.

In answer to plaintiff's suit, R. B. Spencer & Co. pleaded the notes and liens in their favor and that no valid assessment lien was ever fixed on the property because of the fact that the same was then the homestead of P. D. Lambeth and wife, and therefore the alleged assessment lien was void. They also filed a cross-action seeking a decree establishing their vendor's and mortgage lien as superior to the plaintiff's lien, but with no prayer for personal judgment against any of the defendants for debt evidenced by the original vendor's lien notes and the assumption thereof in the several subsequent conveyances, or for foreclosure.

To that cross-action plaintiff pleaded the statute of limitation of four years.

Judgment was rendered in favor of plaintiff by default against P. D. Lambeth and wife, Opal Lambeth, and J. N. Cleveland for the debt sued for, with foreclosure of the assessment lien as against all the defendants, with a specific finding that plaintiff's lien is superior to the lien claimed by R. B. Spencer & Co. in their cross-action. R. B. Spencer & Co. has appealed.

■ It seems to be settled by the opinion of the Court of Civil Appeals in Caffarelli Brothers v. Pearce, 10 S.W.(2d) 594, and by the Commission of Appeals in the same case, reported in 34 S.W.(2d) 813, and other authorities cited, that an assumption of a prior indebtedness and lien by a subsequent vendee of property before such indebtedness and lien are barred by limitation, will operate as an extension of the maturity thereof unaffected by a junior lien or conveyance and that the period of limitation prescribed by articles 5520 to 5523, inclusive, of the Revised Civil Statutes of 1925, which are rewritten codifications of articles 5694 and 5695, Vernon's Sayles Ann.Civil Statutes of 1914, as shown in opinion of the Supreme Court in Citizens' Nat. Bank v. Graham, 117 Tex. 357, 4 S.W.(2d) 541, will not begin until the expiration of four years following the date of maturity of the extended contract. And according to the provisions of article 5523, if the debt so extended is payable in installments on different dates, the four-year limitation period fixed by that article and the preceding articles does not begin until maturity of the last installment.

■ According to a calculation submitted by appellees, the last installment of the Billington note which Lambeth has assumed to pay did not mature until September 8, 1929, and, therefore, this assumption contract was not barred by the provisions of article 5523, Rev.Civ.Statutes of 1925, when on August 28, 1929, Cleveland assumed payment of $602.89 of the same note.

Cleveland's contract of assumption was to pay the $602.89 at the rate of $35 per month as provided in the Billington note, and such payments were to be made on the third day of each succeeding month thereafter. And according to a calculation submitted by appellants, which is not challenged by appellee, the last installment so assumed by him would have matured well within four years next preceding the filing of appellants' cross-action claiming superiority of their lien to that of plaintiff. Therefore plaintiff's plea of limitation to the cross-action was without merit.

■ Appellee insists that in order to extend the debt and lien so as to avoid the bar of limitation, the contract of extension must be executed by the party primarily

liable for the original note, and that since Billington, the party primarily liable on the original note which matured September 3, 1927, did not execute any extension agreement, the bar to limitation was not interrupted by the extension agreement of Lambeth and Cleveland. In support of that contention appellee cites the provisions of the statutes already noted and Allison-Richey Gulf Coast Home Company v. Welder (Tex.Civ.App.) 220 S.W. 392, and Denman Co. v. Standard Savings & Loan Association (Tex.Civ.App.) 200 S.W. 1109. With the further argument that the decisions cited in support of our foregoing conclusion go no further than to hold that an agreement by a subsequent purchaser of property to assume and extend a prior encumbrance interrupts the bar of four-year limitation as between the parties only. We believe that interpretation of those decisions is illogical, since the contract of assumption is primarily for the benefit of the holder of the original note and is enforceable by him against the subsequent vendee of the property, after he has accepted it, as was done in this case.

 Chapter 9 of title 28 of the Revised Civil Statutes of 1925 (article 1086 et seq.) authorizes towns, cities, and villages incorporated under the laws of this state by ordinance passed to assess real estate abutting on a public street with the whole cost of improvement of the street, and different articles of that chapter prescribe the proceedings necessary to make and fix such an assessment as a lien on the property. Article 1090 of that chapter provides:

"Such assessments shall be secured by, and constitute a lien on said property, which shall be the first enforcible claim against the property against which it is assessed, superior to all other liens and claims, except State, county and municipal taxes."

And by article 1091 a further exception is made in favor of property exempt from forced sale. In many decisions the lien so fixed by those statutes have been enforced according to their terms on property not included within those exceptions, such as homesteads. Nalle v. Eaves (Tex.Com. App.) 5 S.W.(2d) 500; L. E. Whitham & Co. v. Schulz (Tex.Civ.App.) 14 S.W.(2d) 881; Thurber Brick Company v. Cox (Tex. Civ.App.) 80 S.W.(2d) 435; Farmers' State Bank v. McReynolds (Tex.Civ.App.)

This case was tried by the court without a jury and no findings of fact with conclusions of law by the trial judge appear in the record. In the absence of any showing to the contrary, we are authorized to presume an implied finding overruling the claim asserted by appellants that the property was Lambeth's homestead at the time the improvement lien now held by plaintiff was fixed, to wit, March 15, 1929, if the record is sufficient to support such a presumption. And we conclude that such a finding may be implied, first, because appellants have presented no assignment of error thereto, and, second, because it cannot be said that the testimony introduced conclusively sustains the homestead plea. Indeed, the only testimony cited on that issue is found in briefs of appellee. The record shows conclusively that all the steps necessary under the statutes to fix the pavement lien asserted by plaintiff were taken by the city of Stamford, duly incorporated under the laws of the state. And upon that implied finding, adverse to the homestead plea, the judgment of the trial court in establishing plaintiff's lien as superior to the alleged lien of defendants, appellants here, is affirmed, independently of the issue of limitation.

## On Motion for Rehearing.

 Appellants stress the contention presented in their original briefs that the testimony of the defendant Lambeth shows conclusively that when plaintiff's paving lien was fixed the property in controversy was the homestead of himself and family and therefore exempt from the paving lien, notwithstanding he was an interested party and suffered a judgment against himself by default, even in the absence of any corroborative circumstances; which contention was specifically controverted in appellee's briefs.

As pointed out in our original opinion, that contention was not presented by any assignment of error in appellant's briefs filed in this court, and, therefore, it was waived. Natkin Engineering Co. v. Aetna Casualty Co. (Tex.Com.App.) 37 S.W.(2d) 740; 3 Tex.Jur., § 569, p. 802. And since it would require an examination of the statement of facts to determine its merits, no fundamental error is shown. 3 Tex. Jur. § 574, p. 815; Texas & P. R. Co. v. Lilly, 118 Tex. 644, 23 S.W.(2d) 697.

The motion for rehearing is overruled.