## HUTTON v. HARWELL.

### No. 13390.

Court of Civil Appeals of Texas. Fort
Worth.

May 29, 1936.

A. K. Harris, of Fort Worth, for appellant.

Carlton & Ragan, of Fort Worth, for appellee.

SPEER, Justice.

On March 23, 1926, B. H. Harwell sold and conveyed to E. E. Hutton and his wife, Mrs. I. L. Hutton, certain real estate situated in the city of Fort Worth, Tex., and took in consideration for the conveyance the purchaser's note of that date, in the principal sum of $2,950, with interest thereon at the rate of 8 per cent. per annum from date, due and payable in monthly installments of $50 each, inclusive, of interest, the first installment being due on the first day of May, 1926, and one installment to become due and payable on or before the first day of each succeeding month thereafter until the whole principal sum was paid. The interest was payable monthly, that is, the $50 installment payment was to be applied first to the payment of all accrued interest and the balance to be applied on the principal. The note further provided that a failure to pay any installment when due should, at the election of the holder, mature the whole of the note then remaining unpaid. It further provided for 10 per cent. attorneys' fees on the amount of principal and interest unpaid if not paid at maturity, and it should be placed in the hands of an attorney for collection, along with other conditions and provisions not necessary for us to mention here.

Suit was instituted on the note on December 21, 1934, by B. H. Harwell, alleging that E. E. Hutton had died intestate shortly after the execution of the note; that no administration was had on his estate and that none was necessary; the surviving wife, Mrs. I. L. Hutton, and Mrs. Remona McDaniel, along with her husband, Leroy McDaniel, as all the surviving heirs of E. E. Hutton, were made parties defendant; the action was to establish plaintiff's indebtedness, amounting to a balance of $2,414.75 principal and $937.88 accrued interest and 10 per cent. on the principal and interest then due as attorney's fees. The petition admitted and allowed the sum of $535.25 as having been previously paid. Plaintiff alleged a valid vendor's lien against the real estate securing his indebtedness and prayed for judgment establishing his debt and for a foreclosure of the lien and order of sale as under execution.

Mrs. I. L. Hutton answered, urging several special exceptions to plaintiff's petition, all of which were by the court overruled, and assignments of error are brought before us to the action of the court in overruling Nos. 3, 4, and 5. Special exceptions 3 and 4 were to the effect that plaintiff's petition disclosed on its face the debt sued on was barred by the four years' statute of limitation, and by 5, that if the court should hold the entire debt was not so barred, then all installments maturing prior to December 1, 1930, were shown to be more than four years past due when the suit was instituted and therefore barred by limitation.

Mrs. I. L. Hutton further answered, subject to the demurrers and exceptions,

with a general denial and a special plea of limitation.

The case was tried to the court without the intervention of a jury. Judgment was rendered for plaintiff, establishing his debt at the amount of principal, interest, and attorney's fees prayed for, and foreclosing the lien on the real estate, ordering it sold as under execution, and for costs of suit.

Defendant Mrs. Hutton has perfected an appeal to this court, assigning errors as above shown, and, in addition thereto, complaining of the court's ruling against her on her plea of limitation and in not granting her a new trial because the judgment was contrary to the law and facts in the case.

There is no statement of facts, but, upon request of the appellant, the trial court filed his findings of fact and conclusions of law, which are included in the transcript. · The trial court found sufficient facts were proven to establish the sale of the real estate, the execution of the note, the reservation of the lien to secure it, and the payment of certain installments to entitle appellant to the credits admitted by appellee. There were additional findings that the last payment made by appellant was on July 11, 1930, and that by the terms of the note the last installment matured on September 1, 1932. That suit was instituted on December 21, 1934. The court's conclusions of law were against appellant's plea of limitation, and that appellee was entitled to recover for the establishment of his debt (but take no personal judgment against appellant), with a foreclosure of the, vendor's lien against the real estate.

Appellant insists that articles 5520, 5521, and 5523, Rev.Civ.Statutes of 1925, as they existed on March 23, 1926, the date on which the conveyance of the real estate was made and the date of the installment note sued on, remained applicable, and controlled the rights and remedies of the parties throughout this transaction, and that the Acts of the 42d Legislature, 1931, p. 230, c. 136, section 1, repealing said articles 5521 and 5523 and section 2 (Vernon's Ann.Civ.St. art. 5520) amending article 5520, could not and did not change the status of these rights and remedies; that in so far as appellant's rights are concerned, the amendment was in violation of section 16, article 1, of our State Constitution inhibiting the passage of ex post facto laws.

Article 5523, Rev.Civ.Statutes of 1925, providing for conditions under which the right of foreclosure of liens secured by deed of trust was barred by limitation, and as affecting instances like that under consideration, reads: "Provided, if several obligations are secured by said mortgage or deed of trust, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes and obligations not then barred by the four years statute of limitations."

The Supreme Court had before it the construction of this statute in case of Citizens' National Bank of Hillsboro v. Graham, 117 Tex. 357, 4 S.W.(2d) 541, and speaking through Associate Justice Pierson, said:

"It will be observed that the body of the article creates a four years' statute of limitations, but follows that with a special provision relating to and affecting 'several obligations' or series of vendor's lien notes. * * *

"The proviso under consideration contains a compound sentence. But for the limiting effect of the concluding words, the proviso declared a policy that several of a series of vendor's lien notes would be protected from the four years' statute of limitations as long as the last one of the series was not barred. It reads:

" 'Provided, if several obligations are secured by said deed of conveyance the same may be enforced at any time prior to four years after the note or obligation last maturing has matured.'

"If the article had stopped there, it is perfectly clear the Legislature would have declared a policy of protecting from the four years' bar all of 'several obligations' or notes until four years after the maturity of the last one. The concluding words, 'and may be enforced as to all notes not then barred by the four years' statute of limitations,' are simply a limitation that this immunity shall extend only to such of the notes as are not 'barred by the four years' statute of limitations' at the time mentioned —that is, at the maturity of the last note. This fixes the public policy that such notes are not to be barred if their maturity falls within a period of four years prior to the maturity of the last note of the series. If the word 'then' in the last sentence be construed to refer to the time when the suit is filed, and not to the time of the maturity of the last note, as was held by the Court of

Civil Appeals [258 S.W. 1103], then the first sentence, which is the main and controlling part of the proviso, would become wholly meaningless and without effect, and in fact would render the entire proviso without effect or meaning, and would be another way of saying that all vendor's lien notes should be barred within four years after their maturity. As stated above, it is our duty to give meaning to every material portion of the article. The proviso is intelligible, and according to its words has a definite and clear meaning, and fixes a clear and definite policy of limitation as to this class of obligations. It does establish a different rule of limitation as to this class of obligations, but that does not affect its validity or effectiveness.

"Construing the article in both of its parts, and giving effect to the proviso according to the clear meaning of the language used, it seems to us clear that it was intended to fix the date the last note matured as the date from which to calculate the four years' limitation as applied to 'several obligations' secured by reservation of 'superior title retained in any deed of conveyance.' The Legislature in its wisdom has seen fit to fix a policy which favors a series of notes, and to give protection to an indulgent creditor and not penalize him for his willingness to await payment on such notes as are not more than four years past due at the maturity of the last note of the series, and as long as the last note is not four years past due."

We are cited by appellant to the case of Hamman v. H. J. McMullen & Co., 122 Tex. 476, 62 S.W.(2d) 59, in which case Judge Pierson also spoke for the court. We perceive no difference in the conclusions reached in that case from those announced in the case of Citizens' Nat. Bank of Hillsboro v. Graham, supra, from which case the court quotes with approval. It was held a portion of the notes sued on were barred by the statutes of limitation, yet that was because they were so barred at the time the owner of the installment note chose, under his option, to declare the last installment matured. We note also that while the opinion in the Hamman v. H. J. McMullen & Co. Case, supra, was written in 1933, subsequent to the repeal of article 5523, Rev.Civ. Statutes 1925, and the amended present article 5520 in 1931 (Vernon's Ann.Civ.St. art. 5520), yet the question as to which of the two statutes was applicable to the contract under consideration was not before the court, and naturally was not determined by it.

By reference to the trial court's findings of fact, we find the last payment on the installment note was made on July 11, 1930, and that the last installment matured on September 1, 1932, hence none of the installments are shown to have been barred by limitation on the date of the maturity of the last installment; under these circumstances appellant does not bring her case under the rule laid down in the two cases above mentioned.

From what we have said it will be seen that even if the statutes as they existed at the time of the consummation of the deal, out of which came the note and lien sued on, were applicable to the rights and remedies of the parties, the pleadings of appellee did not disclose that any portion of the debt sued on was barred by limitation, and the trial court did not err in overruling appellant's exceptions thereto, and it is equally true the trial court did not err in finding against appellant on her plea of limitation.

We find that no part of the indebtedness sued on was barred by limitation under the laws as they existed prior to the repeal of articles 5521 and 5523 by section 1 and the amendment to 5520 by the Acts of the 42d Legislature, 1931, p. 230, c. 136, § 2 (Vernon's Ann.Civ.St. art. 5520) which became effective in August, 1931, and that said article 5520 does not fall within those acts forbidden by article 1, § 16, of the Constitution. Article 5520 in so far as it applies to this case now reads:

"Actions by Vendors, etc. There shall be commenced and prosecuted within four (4) years after the cause of action shall have accrued and not afterward, except as herein provided, all actions of the following description: * * *

"3. Actions to foreclose deed of trust or mortgage liens on real estate.

"Provided, however, that where a series of notes may be given or any note may be made payable in installments; or if any other instrument is executed which creates an obligation on the Vendee or Grantee of real estate to pay for the same in installments or partial payments, limitation shall not begin to run until the maturity date of said last note or installment."

In the case of Farmers' Life Insurance Co. v. Wolters (Tex.Com.App.) 10 S.W.(2d) 698, 702, the court had under consideration a similar question involving the con-

stitutionality of article 5523, Rev.Civ.Statutes of 1925, which shortened the limitation period of sales under deeds of trust from ten to four years after maturity of the debt for which it was given to secure, as it might affect obligations previously made, the court said: "The law as it exists at the time is by implication a part of every contract, and is as binding as though expressly stated in the instrument. This much is conceded by all the authorities, and the rule applies as much to the remedy of limitations as to any other right or remedy involved. But, since the prescriptive period as it exists in the law and as thus read into the contract is not one of its obligations within the constitutional provision, there must be a reason. That reason is: The implication is the incorporation of the law as it may exist when and where its aid is invoked, and not as it existed at the time of contracting. It would not otherwise be pertinent or apt to the purposes intended. This is necessarily true, because the lawmaking power is not a party to the contract, and the presumption is, if the parties themselves had intended to make the right (or remedy if one prefers) indelible, they would have so contracted."

The case of Shepherd v. Woodson Lumber Co. (Tex.Civ.App.) 63 S.W.(2d) 581, 584, involved the construction of article 5520 as it has existed since the Acts of the 42d Legislature, 1931, c. 136, § 2 (Vernon's Ann.Civ.St. art. 5520). Two notes due December 1, 1926, and December 1, 1927, respectively, were sued on by petition filed November 24, 1931. The defendant interposed a plea of limitation as to the first note, then more than four years past due. In that case the court said: "The statute provides that, where a series of notes, secured by a lien, has been given, limitation against an action to foreclose the same shall not begin to run until the maturity date of the last note of such series. R.S. art. 5520, as amended by chapter 136, § 2, General Laws (42d Leg.) 1931 (Vernon's Ann.Civ.St. art. 5520); Citizens' National Bank of Hillsboro v. Graham, 117 Tex. 357 [4 S.W.(2d) 541] et seq."

█ We hold that inasmuch as no part of appellant's indebtedness was barred by limitation at the time article 5520 became effective, she would have no legal right to complain of the remedial statute changing the time in which limitation would run, and that the act with respect to the contract between her and the appellee was not in violation of the Constitution, article 1, § 16. We therefore overrule the assignment presenting that question.

There is yet another assignment of error presented by appellant, based upon a bill of exception, to the action of the court in permitting the introduction in evidence of a certain agreement between the parties with reference to an acknowledgment of the validity of the debt, and conditionally agreeing to reconvey the property; but taking the view we do of the case, it becomes unnecessary for us to pass upon that assignment.

We find no error in the record and hold the judgment of the trial court should be, and it is here, affirmed.