## BROUSSARD v. BEAUMONT RICE MILLS et al.

### No. 3291.

Court of Civil Appeals of Texas. Beaumont.

April 22, 1938.

Rehearing Denied April 27, 1938.

D. E. O'Fiel, of Beaumont, for appellant.

H. P. Barry, of Beaumont, for appellees.

WALKER, Chief Justice.

This was a suit by appellees, Beaumont Rice Mills et al., against appellant, Ike Broussard, in trespass to try title to recover 53.71 acres of land out of the upper Sarah Miles Survey, abstract No. 173, in Jefferson county. In the alternative, appellees prayed for judgment for the amount of a vendor's lien note in the principal sum of $2,297.60, dated the 28th day of September, 1925, with interest at 8 per cent. per annum from date and 10 per cent. attorney's fees, given by appellant to appellees in part payment for the above-described land, deeded to appellant by appellees by deed of even date with the note. A vendor's lien was reserved in the deed to secure payment of the note; by its terms the note was payable in yearly installments of $500, each, with interest thereon at 8 per cent. per annum, payable annually, as it accrued; the payments were to be applied, first, to the payment of accrued interest, and the balance of the $500 installments to be applied on the principal. The first installment matured on the 28th day of September, 1926, and the second, the 28th day of September, 1927, and yearly thereafter. Had the installments been paid promptly, the last installment would have matured and been payable on the 28th day of September, 1934. Nothing was ever paid on the note, and it was in no way renewed or extended. The theory of appellees' count in trespass to try title was that, by reason of and because of appellant's default in his payments, they rescinded the sale of the land made by them to appellant on the 28th day of September, 1925; they alleged appellant's trespass as of that date. Appellees dismissed their count in trespass to try title, and, on trial to the court without a jury, were given judgment on the 12th day of November, 1936, for the full amount of the note, principal, interest, and attorney's fees, in the sum of $6,732.77, with interest at 8 per cent. per annum from the date of the judgment, and with foreclosure of the vendor's lien, all as prayed for. Appellees' petition was filed on the 8th day of June, 1936; the count in trespass to try title was dismissed on the 3d day of November, 1937. By his answer under oath, appellant pleaded general denial and the statute of limitation of four years against appellees' cause of action on their note. By his motion for new trial he complained only that the court erred in overruling his plea of limitation of four years.

### Opinion.

 J. J. Hebert was a joint owner of the note in controversy. Lula J. Hebert, "individually, and Survivor in Community of the Estate of J. J. Hebert, decd.," was a party plaintiff in the trial court, and one of the appellees on appeal. In his conclusions of fact, filed on appellant's request, the court made the following finding: "J. J. Hebert, grantor aforesaid, after the execution of said deed died

intestate, and after his death Mrs. Lula J. Hebert gave bond and qualified as Survivor in Community of the Estate of herself and deceased husband. The surviving wife, individually, and as Survivor in Community of the Estate of herself and deceased husband, J. J. Hebert, and the surviving children and the respective husbands of those who were married, were made parties plaintiff." Appellant insists that this finding is fundamentally erroneous and without support in the evidence. The assignment is overruled. Appellant reserved no exception to the trial court's fact conclusions. He made no assignment against this fact conclusion in his motion for new trial. He would send us to the statement of facts to determine whether or not the finding has support in the evidence. On this statement, the contention must be denied. Hardwicke v. Trinity Universal Ins. Co., Tex.Civ.App., 89 S.W. 2d 500; Jefferson County Drainage Dist., No. 6, v. Southwell, Tex.Civ.App., 32 S.W.2d 895. These authorities also deny the second contention that there was no proof that the estate of J. J. Hebert owned an interest in the note. The note was payable to J. J. Hebert and appellees Beaumont Rice Mills and J. E. Broussard. No contention is made that the court erred in finding that Beaumont Rice Mills and J. E. Broussard had an interest in the note; the finding that Mrs. Hebert was community administratrix supports the court's conclusion that the estate of J. J. Hebert, in fact, was a joint owner of the note. It can also be said that the allegations of the petition required appellant to allege by special plea that Mrs. Hebert did not have the right to sue in her representative capacity and, as such, did not own or hold an interest in the note. San Antonio Street Ry. Co. v. Cailloutte, 79 Tex. 341, 15 S.W. 390; Edmondson v. Williams, Tex.Civ.App., 295 S.W. 295; Schlottmann v. Wiese, Tex.Civ.App., 86 S.W.2d 44.

It was, alleged in the petition that Helen Hebert was a feme sole. Appellant complains that the court erred in rendering judgment without making her husband, E. C. Plumly, a party plaintiff— that he was a necessary party. On the allegations of the petition Helen Hebert had the right to prosecute this suit to judgment; appellant did not controvert that right by a special plea. Again, the heirs of J. J. Hebert were not necessary parties; Mrs. Hebert, as community administratrix, had the right to prosecute this suit for the benefit of the estate.

Appellant complains, also, that the court erred in overruling his plea of the statute of four years' limitation. The note was executed on the 28th day of September, 1925. The first installment matured on the 28th day of September, 1926. Appellees' demand for that installment was barred by limitation on the 28th day of September, 1930. Article 5520, Rev.St.1925, before its amendment in 1931, effective August 21, 1931, see Acts 42d Legislature, chapter 136, page 230, Vernon's Ann.Civ.St. art. 5520; Citizens' National Bank of Hillsboro v. Graham, 117 Tex. 357, 4 S.W.2d 541.

The second installment would not have been barred by limitation until September 28, 1931, which was subsequent to the effective date of the amendment of article 5520, Vernon's Ann.Civ.St. art. 5520. Under this amendment the installments of a vendor's lien note are not barred until four years after the maturity of the last installment which was on the 28th day of September, 1934. Therefore, the installments, subsequent to the first one, were not barred by limitation when this suit was filed on the 8th day of June, 1936. Johnson v. Steele, Tex.Civ.App., 87 S.W.2d 785; Shepherd v. Woodson Lumber Co., Tex.Civ.App., 63 S.W.2d 581; Hutton v. Harwell, Tex.Civ.App., 95 S.W. 2d 467; Spencer & Co. v. Coal & Oil Co., Tex.Civ.App., 91 S.W.2d 411; Crow v. Willard, Tex.Civ.App., 110 S.W.2d 161, 164.

It follows that the judgment of the lower court should be reformed by eliminating from the amount of appellees' recovery the first installment of $500 with annual interest thereon from the 28th day of September, 1926, and as reformed, affirmed.

Reformed and affirmed.