

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 11, 1952

Hon. Homer Garrison, Jr., Director
Texas Department of Public Safety
Austin, Texas                        Opinion No. V-1385

Re: Authority of the Depart-
ment of Public Safety to
extend the period for com-
pulsory inspection of mo-
tor vehicles under House
Bill 223, Acts 52nd Legis-
lature, R.S. 1951, through
Dear Colonel Garrison:          September 6, 1952.

        Your request for an opinion in connection with the above-
captioned matter reads in part as follows:

        "Under the provisions of House Bill 223, Acts
of the 52nd Legislature, R.S. 1951, ch. 141, p. 240, it
is specifically provided that the Department of Pub-
lic Safety 'shall cause one (1) inspection to be made
in the year commencing with the effective date of
this Act [September 7, 1951] and annually thereafter.
The period of inspection shall be fixed by the Depart-
ment. The Department shall have power to make
rules and regulations with respect to the periods and
the character and extent of the inspections to be made.'

        "The Department of Public Safety has hereto-
fore designated the period beginning December 1, 1951
and ending April 1, 1952 as the inspection period for
the first twelve months commencing as of September
7, 1951.

        "Because of the limited number of inspection
stations in this State and the fact that there are more
than three million motor vehicles to be inspected, in
our opinion it is impossible for all vehicles to be in-
spected prior to the deadline for registration for the
year 1952, which is April 1, 1952. In this connection,
your attention is specifically directed to that portion
of House Bill 223 wherein it is provided that 'no li-
cense of a motor vehicle shall be issued and no trans-
fer of the title to a motor vehicle shall be made unless

such motor vehicle has been inspected under the terms of this Act within 12 months prior to the issuance of such license or transfer.'

" Will you, therefore, be so kind as to advise us on the following questions:

"(1)  May the Department of Public Safety legally extend the inspection period heretofore designated from April 1, 1952, to and including midnight of September 6, 1952?

"(2)  If your answer to question no. 1 is in the affirmative, then may motor vehicles be registered for the current registration year and transfers of title be effected on motor vehicles without an inspection certificate up to and including midnight of September 6, 1952?"

House Bill 223, Acts 52nd Leg., R.S. 1951, ch. 141, p. 240, amends, among other things, Section 140 of Article 6701d, Vernon's Civil Statutes, the "Uniform Act Regulating Traffic on Highways," so as to provide in part as follows:

"(a)  It shall be the duty of the Texas Department of Public Safety to require every owner of a motor vehicle, trailer, semitrailer, pole trailer or house trailer, registered in this State, to have the mechanism, brakes, and equipment upon such vehicles inspected at State appointed inspection stations or by State Inspectors as hereinafter provided . . .

"(b)  If such inspection discloses the necessity for adjustments, corrections or repairs, the mechanism, brakes and equipment shall be adjusted, corrected or repaired before a certificate is issued . . . The owner may have such adjustments, corrections or repairs made by such qualified person or persons as he may choose . . .

"(c)  Official inspection stations appointed and supervised by the State of Texas shall make all inspections pursuant to the provisions of this Section . . . The Department [Texas Department of Public Safety] shall cause one (1) inspection to be made in the year

commencing with the effective date of this Act
[September 7, 1951], and annually thereafter.
The periods of inspection shall be fixed by the
Department. The Department shall have power
to make rules and regulations with respect to
the periods and the character and extent of the
inspections to be made." (Emphasis ours.)

Acting pursuant to the provisions of paragraph (c),
your Department has heretofore designated the period begin-
ning December 1, 1951, and ending April 1, 1952, as the "period
of inspection" for the yearly period which began on September
7, 1951, the effective date of the act. Because it has now been
determined that it is physically impossible for the designated
inspection stations to perform the required inspections on the
more than three million motor vehicles in this State within the
designated inspection period, you desire to know whether you
may legally amend the designated "period of inspection" so as
to extend it to and including midnight of September 6, 1952.

The above-quoted provisions of the act make it clear
that your Department shall "cause one (1) inspection to be made
in the year" commencing on September 7, 1951. It is then pro-
vided in clear and unambiguous language that the periods of in-
spection shall be "fixed" by the Texas Department of Public Safe-
ty. Under the plain wording of the act you could have originally
fixed the period of inspection at any time within the twelve-month
period beginning with the effective date of the act on September 7,
1951. Having the power to fix or establish a regulation carries
with it the implied power to modify or amend the regulation. Rail-
road Commission v. Shell Oil Company, 139 Tex. 66, 161 S.W.2d
1022 (1942); 42 Am. Jur. 360, Public Administrative Law, Sec. 53.

Furthermore, we think the Legislature used the lan-
guage found in paragraph (c) with respect to periods of inspec-
tion being "fixed by the Department" advisedly. Unquestionably
the Legislature had knowledge of the more than three million
motor vehicles traversing the highways of Texas which would
have to be inspected under the provisions of this act. Having this
knowledge, it obviously desired that the fixing of the periods of
inspection be as flexible as possible to the end that an unreason-
able, unjust, or impracticable consequence would not result. The
situation now facing your Department demonstrates the wisdom of
the Legislature in leaving to your Department the power to fix the
periods of inspection as circumstances and conditions might re-
quire.

We therefore agree with you that the Texas Depart-
ment of Public Safety may legally amend the regulation designat-
ing December 1, 1951, to April 1, 1952, as the "period of inspection,"

so as to provide that the "period of inspection" shall be "from December 1, 1951, to midnight of September 6, 1952."

We will now consider your second question relating to the necessity for an "inspection certificate" in order to register a motor vehicle for the current registration year or to transfer the title thereto.

Article 6675a-3, V.C.S , requires that the application for the renewal of registration of a motor vehicle "be made not later than April 1st" of each year.

House Bill 223, supra, provides in paragraph (e) thereof as follows:

> "(e) No license of a motor vehicle shall be issued and no transfer of the title to a motor vehicle shall be made unless such motor vehicle has been inspected under the terms of this Act within twelve (12) months prior to the issuance of such license or transfer. After the period designated for the inspection, no person shall operate on the highways of this State any motor vehicle registered in this State unless a valid certificate of inspection is displayed thereon as required by this Section and any inspector or patrolman of the Department of Public Safety, or any sheriff or deputy sheriff, who shall exhibit his badge or other signs of authority, may stop any motor vehicle not displaying this inspection certificate on the windshield and require the owner or operator to produce an official inspection certificate for the motor vehicle being operated." (Art. 6701d, Sec. 140, V.C.S.) (Emphasis added.)

It is a cardinal rule of statutory construction that all the language and every part of an act must be given effect, if reasonably possible. Texas Bank & Trust Co. v. Austin, 115 Tex. 201, 280 S.W. 161 (1926). Likewise, an act must be construed as a whole, and all its parts harmonized, if possible, so as to give effect to the entire act. Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680 (1932); Citizens National Bank of Hillsboro v. Graham, 117 Tex. 357, 4 S.W. 2d 541 (1928); Ellis County v. Thompson, 95 Tex. 22, 64 S W. 927 (1901); 2 Sutherland, Statutory Construction (3rd Ed. 1943) 336, Sec. 4703.

Applying these rules of construction to House Bill 223, supra, we think that if your Department amends the designated period of inspection so as to extend the time for inspection to midnight of

September 6, 1952, a person will not be required to have an inspection certificate prior to or at the time of making application for registration of his motor vehicle for the 1952 registration year. The same is true with respect to applications for transfer of title to a motor vehicle prior to midnight of September 6, 1952. This is true for the reason that the act specifically authorizes the Department of Public Safety to fix the period for inspection and makes the operation of an uninspected, but registered, vehicle unlawful only "after the period designated for the inspection." Moreover, it would be an impracticable and unreasonable construction to say that the Legislature intended that a motor vehicle which is required by law to be registered on or prior to April 1, 1952, could not be registered on or before that date without an inspection certificate when the Department of Public Safety has by the express authority of the Legislature extended the time in which to have motor vehicles inspected to a date beyond that fixed by statute for registration. Cf. Huntsville Independent School Dist. v. McAdams, 148 Tex. 120, 221 S.W.2d 546 (1949).

You are therefore advised, in answer to your second question, that if the Department of Public Safety extends the designated period of inspection for motor vehicles to midnight of September 6, 1952, then no certificate of inspection will be required in making application for the registration of a motor vehicle or in making application for a transfer of title on or prior to September 6, 1952.

## SUMMARY

The Texas Department of Public Safety may legally amend its regulation fixing the period of inspection for motor vehicles for the year which commenced September 7, 1951, so as to extend the designated inspection period to midnight of September 6, 1952. In such event, no certificate of inspection will be required in making application for the registration of a motor vehicle, or in making application for a transfer of title thereto, prior to midnight of September 6, 1952.

Yours very truly,

Price Daniel
Attorney General

CDM:b

Charles D. Mathews
First Assistant