

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 2, 1971

Honorable James U. Cross          Opinion No.   M-879
Executive Director
Texas Parks and Wildlife          Re:  Construction of Article
    Department                          895c and 978j-1, §13(o),
John H. Reagan Building                 Vernon's Penal Code, con-
Austin, Texas   78701                   cerning nonresident hunters
                                        licenses as a requirement
                                        for hunting deer or jave-
Dear Mr. Cross:                         lina, and related questions.

    This is in response to your recent request for our
opinion concerning a possible conflict between certain pro-
visions of Articles 895c, and 978j-1, Section 13(o)*, Texas
Penal Code, and related problems.

    In its pertinent parts Article 895c provides:

    "Section 1.  No citizen of this State shall hunt
any wild bird or wild animal outside the county
of his residence without first having pro-
cured from the Game and Fish Commission,
or one of its authorized agents, a license
to hunt, for which he shall pay the sum of
Three Dollars and fifteen cents ($3.15);
fifteen cents (15¢) of which amount shall
be retained by the issuing officer as his
fee for collecting.

    "Section 2.  No nonresident citizen of this State
or alien shall hunt any wild bird or wild
animal in this State without first having
procured from the Game and Fish Commission,
or one of its authorized agents, a nonresident

*  *  *

    *Section 13(o) was added by Acts 1971, 62nd Legislature,
    Regular Session, H. B. 676, Sec. 2.

-4289-

hunting license.  The fee for a nonresident
citizen or alien hunting license shall be
Twenty-five Dollars ($25); . . .

"Section 5.  It shall be unlawful for any person to
procure or possess more than one hunting license
during a license year. . . ."

In its pertinent parts Article 978j-1, Section 13(o) provides:

"(o)  [In the designated area in Sabine and
San Augustine counties] the commission shall:

"(1)  provide a special archery season for
the taking of deer of either sex from October
1 to and including October 31 of each year;

"(2)  it shall be lawful to take, hunt or
kill javelina at any time using bow and arrow
of legal specifications; provided, however,
that it shall be unlawful to use crossbow at
any time, and, further be it provided that it
shall be lawful to use firearms for the taking
of javelina during and concurrent with the
deer season as set by the Commission;

"(3)  require a special hunting license for
nonresidents for the taking of deer and javelina
by bow and arrow during the special archery
season and provide that the license fee is Five
Dollars ($5) and that the license is valid for
five days only; and

"(4)  it shall be lawful to take, hunt or
kill deer of either sex during the lawful open
season as set by the Commission."

To give effect to both acts of the Legislature the two
sections must be construed together in a manner which most
nearly carries out the intent of the Legislature and avoids
conflicts where possible.  As stated in Texas Liquor Control
Board v. Falstaff Distributing Co., 369 S.W.2d 483 (Tex.Civ.App.
1963, no writ):

> "It is a cardinal rule for the construction of a statute that all of its provisions should be construed together, and effect given to all if possible.  Lufkin v. City of Galveston, 63 Tex. 437; Spence v. Fenchler, 107 Tex. 443, 180 S.W. 597; Martin v. Sheppard, 129 Tex. 110, 102 S.W.2d 1036.  The court should determine the purpose of the legislature and give some effect to every express declaration of legislative intent. Citizens National Bank of Hillsboro v. Graham, 117 Tex. 357, 4 S.W.2d 541; Texas Bank & Trust Co. v. Austin, 115 Tex. 201, 280 S.W. 161. . . ." (at p. 486).

Article 895c requires a general hunting license throughout the state and throughout the year for the following obvious purposes:

1.  To control hunting in Texas.
2.  To restrict the number of hunters by charging a fee.
3.  To raise revenue to support such a program.

Art. 978j-1, Section 13(o) establishes a special hunting area with restricted privileges for all and a special hunting license for nonresidents for a limited period only, for the following obvious purposes:

1.  To control hunting in the particular area.
2.  To raise revenue to support such a program.

Since no provision is made in Article 978j-1, Section 13(o) exempting hunters from the provisions of Article 895c, our opinion is that all persons (resident or nonresident) must first comply with Article 895c by obtaining a hunting license before hunting in the described area in Sabine and San Augustine counties at any time and in any manner; and the bag limit on game in such area is subject to the restrictions placed upon such license.

In addition, a nonresident bow hunter must obtain the special hunting license described in Article 978j-1, Section

13(o)(3). Since the Legislature would have the power to prevent such nonresident hunters from hunting upon the described land it would necessarily have the lesser included power to restrict such hunting.

Since we perceive no conflict between the hunting license of Article 895c and the special hunting license of Article 978j-1, Section 13(o)(3) we also find no reason to hold the special hunting license is subject to the provisions of Section 5 of Article 895c against obtaining more than one hunting license. We therefore advise you that (subject to the restrictions on his hunting license) a nonresident may obtain more than one five day special hunting license.

Since Article 978j-1, Section 13(o) contains no provision limiting a nonresident hunter to the time and place set forth in the act for the special archery season, you are therefore advised that a nonresident hunter is entitled to the full use of his hunting license even though he has obtained and exhausted one or more special hunting licenses; this is subject to including any game killed pursuant to the special hunting license in the bag limits, etc., available to him under his hunting license.

You are further advised that Article 978j-1, Section 13(o) makes no provision for tags to be issued with the special hunting license so that the nonresident hunter need only attach tags from his hunting license to game taken pursuant to the special hunting license.

### S U M M A R Y

To hunt in the special area set up for archery hunting in portions of Sabine and San Augustine counties, a nonresident hunter must qualify for a regular nonresident hunting license as provided in Article 895c, Vernon's Penal Code (and to which privileges he is entitled in their entirety). He must also qualify for a special hunting license as provided in Article 978j-1, Section 13(o)(3) Vernon's Penal Code, under which he may obtain as many licenses each season as there are five day periods

in the season.  The special hunting license need not have tags attached.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Max Flusche
Mel Corley
Bob Lattimore
Vince Taylor

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant