

# The Attorney General of Texas

October 23, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William R. Porter
Morris County Attorney
500 Broadnax
Daingerfield, Texas 75638

Opinion No. MW-75

Re: Disposition of seized weapons under article 18.19, Code of Criminal Procedure.

Dear Mr. Porter:

You request our interpretation of the forfeiture provisions found in article 18.19 of the Code of Criminal Procedure, V.T.C.S. This statute provides in pertinent part:

> (a) Weapons seized in connection with an offense involving the use of a deadly weapon or an offense under Penal Code Chapter 46 shall be held by the law enforcement agency making the seizure, subject to the following provisions, unless:
>
> (1) the weapon is a prohibited weapon identified in Penal Code Chapter 46, in which event Article 18.18 of this code applies. . . .
>
> . . . .
>
> (d) A person convicted under Penal Code Chapter 46 is entitled to the weapon seized upon request to the law enforcement agency holding the weapon. However, the court entering the judgment of conviction may order the weapon destroyed or forfeited to the state for use by the law enforcement agency holding the weapon if:
>
> (1) the person does not request the weapon within 60 days after his release from jail or the date of the judgment of conviction if he was not imprisoned; or
>
> (2) the person has been previously convicted under Penal Code Chapter 46; or

(3) the weapon is one defined as a prohibited weapon under Penal Code Chapter 46.

(e) If the person found in possession of a weapon is convicted of an offense involving the use of a deadly weapon or under Penal Code Chapter 46, the court entering judgment of conviction may order destruction of the weapon or forfeiture to the state for use by the law enforcement agency holding the weapon.

You point out that section (d) is in conflict with section (e). Each section empowers the court to order destroyed or forfeited a weapon seized in connection with an offense under Chapter 46 of the Penal Code, following conviction of the person found in possession of it. Subsection (d) permits the court to order forfeiture or destruction of a weapon only where certain conditions exist, while subsection (e) attaches no conditions to the court's action. You wish to know how these conflicting provisions may be reconciled. The confusion apparently results from the failure to revise a conforming amendment to the Code of Criminal Procedure to precisely match changes made in Chapter 46 of the proposed Penal Code between the 62nd and 63rd Legislatures.

We note initially that section (d)(3) is surplusage. Prohibited weapons are not subject to the provisions of article 18.19, see article 18.19(a)(1), and are destroyed or forfeited pursuant to article 18.18 of the Code of Criminal Procedure. Article 18.19 is subject to the Code Construction Act, V.T.C.S. art. 5429b-2, which provides in part:

In enacting a statute, it is presumed that

. . . .

(2) the entire statute is intended to be effective.

Sec. 3.01. All parts of a statute should be harmonized, if possible. Citizens' National Bank of Hillsboro v. Graham, 4 S.W.2d 541 (Tex. 1928). Chapter 46 relates to the possession of various types of weapons, but it does not create an offense specifically involving deadly weapons. In our opinion, subsections (d) and (e) can be harmonized and each part can be given effect by holding section (d) applicable to conviction under Chapter 46 of the Penal Code and by holding section (e) applicable to convictions for an offense involving the use of a deadly weapon. See Penal Code § 1.07(a)(11) (defining deadly weapon). In this way, each section can be given some effect. If section (e) were held to prevail over section (d), then the provisions relating to forfeiture of a weapon would have no effect. Thus, the court may order destruction or forfeiture of a weapon belonging to a defendant convicted under Chapter 46 of the Penal Code only where one of the conditions enumerated under article 18.19(d) is present. We note that this construction is consistent with the apparent intent of the original draft of the Code. State Bar Committee on Revision of the Penal Code, Texas Penal Code: A Proposed Revision at 451.

## SUMMARY

Section (d) of article 18.19 of the Code of Criminal Procedure applies to the forfeiture or destruction of weapons belonging to a

defendant convicted under Chapter 46 of the Penal Code. Section (e) applies to the forfeiture or destruction of a weapon belonging to someone convicted of an offense involving the use of a deadly weapon.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Jerry Carruth
Susan Garrison
Rick Gilpin
Bruce Youngblood
William G Reid