Honorable William R. Porter Morris County Attorney 500 Broadnax Daingerfield, Texas 75638
Re: Disposition of seized weapons under article 18.19, Code of Criminal Procedure.
Dear Mr. Porter:
You request our interpretation of the forfeiture provisions found in article 18.19 of the Code of Criminal Procedure, V.T.C.S. This statute provides in pertinent part:
 (a) Weapons seized in connection with an offense involving the use of a deadly weapon or an offense under Penal Code Chapter 46 shall be held by the law enforcement agency making the seizure, subject to the following provisions, unless:
 (1) the weapon is a prohibited weapon identified in Penal Code Chapter 46, in which event Article 18.18 of this code applies. . . .
. . . .
 (d) A person convicted under Penal Code Chapter 46 is entitled to the weapon seized upon request to the law enforcement agency holding the weapon. However, the court entering the judgment of conviction may order the weapon destroyed or forfeited to the state for use by the law enforcement agency holding the weapon if:
 (1) the person does not request the weapon within 60 days after his release from jail or the date of the judgment of conviction if he was not imprisoned; or
 (2) the person has been previously convicted under Penal Code Chapter 46; or
 (3) the weapon is one defined as a prohibited weapon under Penal Code Chapter 46.
 (e) If the person found in possession of a weapon is convicted of an offense involving the use of a deadly weapon or under Penal Code Chapter 46, the court entering judgment of conviction may order destruction of the weapon or forfeiture to the state for use by the law enforcement agency holding the weapon.
You point out that section (d) is in conflict with section (e). Each section empowers the court to order destroyed or forfeited a weapon seized in connection with an offense under Chapter 46 of the Penal Code, following conviction of the person found in possession of it. Subsection (d) permits the court to order forfeiture or destruction of a weapon only where certain conditions exist, while subsection (e) attaches no conditions to the court's action. You wish to know how these conflicting provisions may be reconciled. The confusion apparently results from the failure to revise a conforming amendment to the Code of Criminal Procedure to precisely match changes made in Chapter 46 of the proposed Penal Code between the 62nd and 63rd Legislatures.
We note initially that section (d)(3) is surplusage. Prohibited weapons are not subject to the provisions of article 18.19, see article 18.19(a)(1), and are destroyed or forfeited pursuant to article 18.18 of the Code of Criminal Procedure. Article 18.19 is subject to the Code Construction Act, V.T.C.S. art. 5429b-2, which provides in part:
In enacting a statute, it is presumed that. . . .
(2) the entire statute is intended to be effective.
 Sec. 3.01. All parts of a statute should be harmonized, if possible. Citizens' National Bank of Hillsboro v. Graham, 4 S.W.2d 541 (Tex. 1928). Chapter 46 relates to the possession of various types of weapons, but it does not create an offense specifically involving deadly weapons. In our opinion, subsections (d) and (e) can be harmonized and each part can be given effect by holding section (d) applicable to conviction under Chapter 46 of the Penal Code and by holding section (e) applicable to convictions for an offense involving the use of a deadly weapon. See Penal Code § 1.07(a)(11) (defining deadly weapon). In this way, each section can be given some effect. If section(e) were held to prevail over section (d), then the provisions relating to forfeiture of a weapon would have no effect. Thus, the court may order destruction or forfeiture of a weapon belonging to a defendant convicted under Chapter 46 of the Penal Code only where one of the conditions enumerated under article 18.19(d) is present. We note that this construction is consistent with the apparent intent of the original draft of the Code. State Bar Committee on Revision of the Penal Code, Texas Penal Code: A Proposed Revision at 451.
 SUMMARY
Section (d) of article 18.19 of the Code of Criminal Procedure applies to the forfeiture or destruction of weapons belonging to a defendant convicted under Chapter 46 of the Penal Code. Section (e) applies to the forfeiture or destruction of a weapon belonging to someone convicted of an offense involving the use of a deadly weapon.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Susan Garrison Assistant Attorney General