**MERCANTILE NAT. BANK AT DALLAS v. CHANOWSKY et al.**

No. 1688.

Court of Civil Appeals of Texas. Waco.

Jan. 2, 1936.

Brown & Hamlin, of Dallas, for appellant.

J. G. Minkert, of Bryan, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by Rollen J. Windrow against appellee Abe Chanowsky, to recover the sum of $432.35 principal, with interest, on 'a paving certificate issued to him by the city of Bryan in pursuance of an ordinance levying an assessment against appellee individually and purporting to fix a lien to secure the same on a house and lot in said city. During the pendency of the suit appellant, Mercantile National Bank at Dallas, intervened and alleged that said certificate had been assigned to it. The regularity of the proceedings and the validity of said certificate at the time it was issued are not questioned. Said certificate provided for payment of the amount thereof in a lump sum, or, in the alternative, for payment in six equal annual installments, with interest from the

date thereof. Appellant alleged that the first installment was paid, and sued to recover the sum aforesaid as the aggregate of the five remaining installments, with interest and attorney's fees. Appellee alleged that said assessment was ineffective to fix a lien on his house and lot because the same were his homestead, and that appellant's action for the recovery of a personal judgment against him was barred by the two years' statute of limitation (Vernon's Ann.Civ.St. art. 5526).

A trial was had, the issues of law and fact submitted to the court, and judgment rendered that appellee Windrow take nothing by his suit because he had not at that time any interest in said certificate, that appellant take nothing by its suit because its cause of action was barred by the statute of limitation and said house and lot exempt as a homestead, and that appellee recover his costs.

### Opinion.

Appellant contends that the court erred in holding its cause of action barred by limitation. Said certificate was issued by the city of Bryan to Rollen J. Windrow, was dated May 13, 1930, and recited in its face that it was issued in pursuance of the terms of an ordinance passed by the city of Bryan on May 13, 1930, levying an assessment in the sum of $518.22 against the lot involved herein, describing the same, and against appellee as the owner thereof; that such assessment was levied to provide for the payment by the true owner of said lot of the pro rata cost of constructing certain improvements on an abutting street. The maturity provisions contained in said certificate were as follows: "That said assessment is payable to Rollen J. Windrow, or his assigns, in the manner hereinafter stipulated, as follows: All cash on or before the 13th day of May, A. D. 1930, or at the option of the said owner of the above described property, in six equal installments as follows: The first installment on or before the 13 day of May, A. D. 1930 (but payment of said first installment within thirty days after said date shall be deemed a sufficient compliance herewith); the second, third, fourth, fifth and sixth installments on or before one, two, three, four and five years respectively after the 13 day of May, A. D. 1930, with interest on said first installment from the 13 day of May, A. D. 1930, and with interest on said second, third, fourth, fifth and sixth installments from the 13 day of May, A. D. 1930,

at the rate of eight (8) per cent per annum, payable annually, and if default shall be made in the payment of any installment of interest or principal hereon when due or if it shall become necessary to collect same through legal action, or if same shall be placed in the hands of an attorney for collection, then at the option of said Rollen J. Windrow, or other legal holder hereof, this Certificate shall at once mature without notice, and the full amount of principal and interest then due hereon shall at once become due and payable together with reasonable attorney's fees, and costs of collection, if incurred. The owner of the above described property has the right to pay any of said installments before maturity with accrued interest."

Reference was made in said certificate to installment coupons attached thereto, and, as introduced in evidence, it had attached five principal coupons, numbered from 2 to 6, inclusive, all dated May 13, 1930, and one due on May 13th of each year from 1931 to 1935, inclusive. Appellant alleged that the first coupon was paid, but the testimony nowhere discloses what became of the same. Appellant alleged that default had been made in the payment of the second and third installments and that the whole unpaid balance had been declared due. This suit was filed September 7, 1932, more than two years after the date of said certificate and the first maturity date named therein.

■ Appellee's contention that the cause of action on said certificate arose on May 13, 1930, and that same was barred by limitation when this suit was filed, is based solely on the following provision contained in the above-quoted excerpt from the certificate: "That said assessment is payable * * * as follows: All cash on or before the 13 day of May, 1930, or at the option of the said owner * * * in six equal installments." The manner in which such option should be manifested was nowhere prescribed. Appellee contends in this connection, in substance, that it devolved upon appellant to show an affirmative election by him to pay in installments in order to defeat his plea of limitation. An option is defined in Malone v. Meres, 91 Fla. 709, 109 So. 677, 693, par. 36, as follows: "An option is the power of choosing, the right of election, an alternative. It is the right of choice between two things, courses, or propositions. The choice of one excludes the choice of the other called the alternative." Such definition of the word is in substantial

accord with the definition of the same given in the Standard Dictionary, and is applicable here. In determining the force of appellee's contention, we must consider the situation and attending circumstances. An assessment such as the one sued on in this case is an obligation imposed upon property and the owner thereof under the authority of law, in this case under the provisions of article 1090 of our Revised Statutes. The amount and maturity of this assessment were determined and prescribed by the city authorities. Such determination was unilateral, and appellee had no voice therein. According to the record in this case, the ordinance levying the assessment was passed, the certificate with coupons for payments in installments attached was issued, and the payment of the entire amount thereof, absent an exercise of such option, required all on the same day, May 13, 1930. Such certificate was not a negotiable instrument. Except for the optional provision under consideration, it was due on said day without grace. 23 Tex.Jur. p. 473, § 42; 30 Tex.Jur. p. 432, § 241. Time is generally regarded as being of the essence of an option contract, and such right cannot, absent express stipulation, be exercised after default. 10 Tex.Jur. p. 49, § 32; Texarkana Pipe Works v. Caddo Oil & Ref. Co. (Tex.Civ.App.) 228 S.W. 586, 589, pars. 2 and 3. We do not think that, under the circumstances above recited, appellee, by failing in the few remaining hours' of said day to make an election and manifest the same by notice or other affirmative action, subjected himself to the rigorous provision that the lump assessment was due, and that suit against him, with the additional burden of attorney's fees and costs, was maintainable the next day. On the contrary we think appellee's failure to pay the amount of said certificate on said day, absent affirmative action on his part, constituted a tacit election to have the benefit of the ameliorated alternative provision for maturity in installments. Such privilege could not in any way increase his burden because, under an express provision of said certificate and of each coupon, he had the right to pay any or all of the same at any time he chose to do so. The failure to pay any installment did not of itself, under the terms of the certificate, mature subsequent installments. The effect of such default was merely to authorize the holder of the certificate at his option to mature all the installments remaining unpaid. 23

Tex.Jur. p. 479, § 48. Since the first installment, whether paid or not, is not sued on herein, and the second installment did not mature until May 13, 1931, less than two years before the institution of this suit, no part of the cause of action asserted herein was barred by limitation.

The judgment of the trial court is reversed and the cause remanded.