### HUGHES v. STOVALL et al.

### No. 5089.

Court of Civil Appeals of Texas. Amarillo.

Dec. 11, 1939.

Rehearing Denied Jan. 8, 1940.

M. F. Billingsley, of Munday, and J. E. Brown, of Brady, for appellant.

Kenneth Bain and R. F. Stovall, both of Floydada, for appellees.

JACKSON, Chief Justice.

The record shows that on February 1, 1928 J. D. Farmer and wife, Ida M. Farmer, for and in consideration of $5,000 cash to them in hand paid and the execution and delivery of a series of eight promissory vendor's lien notes of even date with the deed, each for the sum of $625, payable the first, on January 1, 1929 and one on January 1st each succeeding year to and including January 1, 1936 conveyed to R. M. Stovall the West one-half of Survey 55, of Block No. 1 in Floyd County, Texas.

This series of eight notes was for a valuable consideration sold and assigned to the Southwestern Life Insurance Company and it was subrogated to all the rights, liens and equities of the owner and assignor of said notes.

The indebtedness evidenced by these notes with some accumulated interest and taxes was by agreement of the parties extended on December 13, 1928. In order to consummate the extension agreement R. M. Stovall and his wife, Mamie Stoval', executed a principal note for the sum of $5,500, due and payable January 1, 1939, bearing interest from date until maturity at the rate of 6% per annum, payable annually on the 1st day of January each year until the maturity of the principal note, which note and the interest installments or coupons due thereon were to bear interest after maturity until paid at the rate of 10% per annum, and the failure

to pay the note or any installment of principal or interest when due at the election of the holder matured the principal note and the unpaid coupon interest notes. In addition to the provision for the payment of annual interest in the principal note, attached thereto were ten interest coupon notes each for the sum of $330, payable on the 1st day of January of each year which was the amount of interest due at the rate of 6% per annum provided in the note. The principal note and each of the coupon interest notes were signed by R. M. Stovall and his wife and contemporaneously therewith the principal note and the interest notes attached thereto were secured by a valid deed of trust executed and delivered to T. W. Vardell creating a lien on the land herein above described for the protection and benefit of the Southwestern Life Insurance Company.

R. M. Stovall and wife, Mamie, defaulted in the payment of interest due January 1, 1931, as stipulated in the principal note and also evidenced by one of the attached coupon interest notes which at the instance and request of R. M. Stovall and wife was detached from the principal note and paid by the Floyd County National Bank and such coupon interest note, as well as the lien securing the payment thereof was, on July 9, 1931, properly transferred and assigned to said bank and made subordinate to the lien held by the Southwestern Life Insurance Company. The Floyd County National Bank closed its doors for business July 15, 1931 and was thereafter adjudged insolvent and its assets were duly and legally sold and transferred to S. W. Hughes who on September 23, 1937 instituted this suit in the District Court of Floyd County to foreclose two judgment liens and to recover on the interest coupon note acquired from the insolvent bank and foreclose the lien securing the payment thereof on the premises above described. He instituted suit against several defendants each of whom filed a disclaimer to all right, title and interest in the land involved except R. M. Stovall and wife, Mamie, who urged demurrers, a general denial and alleged that the South 200 acres of the 320 acre tract involved is and has been their homestead at all times since February 1, 1928, was their homestead when the judgments sued upon were obtained and therefore not subject to the alleged judgment liens. They also pleaded that the interest coupon note sued upon and the lien securing the payment thereof were barred by the four year statute of limitation.

The case was tried before the court without the intervention of a jury and judgment rendered that the plaintiff, S. W. Hughes, take nothing against the defendants who filed a disclaimer and that they go hence with their cost; that the interest coupon note and the lien securing the payment thereof were barred by the four year statute of limitation and plaintiff take nothing by reason thereof; that the North 200 acres of the 320 acre tract is the homestead of R. M. and Mamie Stovall and not subject to the judgment liens of record nor the lien securing the payment of the coupon note, and all cloud on the title thereto by virtue of such alleged liens was removed and title vested in R. M. and Mamie Stovall; that the plaintiff, S. W. Hughes, have and recover of and from R. M. Stovall and Mamie Stovall a decree foreclosing his judgment liens upon the North 120 acres of said tract of land.

There is no question over the pleading and the only complaint made in this court by S. W. Hughes, the appellant, which he presents by several assignments of error, is that the court erroneously held that the interest coupon note sued on due January 1, 1931 and the lien by which it is secured are barred by the four year statute of limitation.

There is no controversy about the facts. The principal note for $5,500 was executed December 13, 1928, provided for annual interest and was due and payable January 1, 1939. To this note was attached ten coupon interest notes evidencing the annual interest, the first payable January 1, 1930 and one on January 1st up to and including January 1, 1939. The interest coupon note owned by appellant and involved in this suit reads as follows:

"Dallas, Texas, Dec. 13, 1928

"On first day of January, 1931, for value received the undersigned promise to pay to Southwestern Life Insurance Company at its office in Dallas, Texas, the sum of Three Hundred Thirty Dollars with interest after maturity at the rate of ten per centum per annum, being interest due that day on note numbered below of even date herewith for $5,500.00 payable to said Company.

"Note No. 1.       R. M. Stovall
                    "Mamie E. Stovall."

It must be conceded that unless regulated by a statute to the contrary if a con-

tract stipulates for payments in installments at a fixed time limitation begins to run on each installment from the time of its due date. Pollack v. Pollack, Tex.Com.App., 39 S.W.2d 853; Rockwall County v. Roberts County et al., 103 Tex. 406, 128 S.W. 369; City of Galveston v. Loonie, 54 Tex. 517; 28 Tex.Jur. 174, para. 83.

It is also the law that unless otherwise contracted interest is due and payable at the maturity of the debt on which it accrues and limitation begins to run from such date. Connor v. City of Paris, 87 Tex. 32, 27 S.W. 88; Parsons v. Parsons, Tex.Com.App., 284 S.W. 933.

In 1931 the Legislature amended article 5520, R.C.S. (Vernon's Ann.Civ.St. art. 5520), and the part thereof material to this suit is as·follows:

"Actions by vendors, etc. There shall be commenced and prosecuted within four (4) years after the cause of action shall have accrued and not afterward, except as herein provided, all actions of the following description:

"1. Actions to recover real estate by virtue of a superior title retained by the vendor in a deed of conveyance or purchase money note.

"2. Actions for the foreclosure of vendor's liens on real estate.

"3. Actions to foreclose deed of trust or mortgage liens on real estate.

"Provided, however, that where a series of notes may be given or any note may be made payable in installments, or if any other instrument is executed which creates an obligation on the Vendee or Grantee of real estate to pay for the same in installments or partial payments, limitation shall not begin to run until the maturity date of said last note or installment. Upon the expiration of four (4) years from and after the date of maturity of the last said note or installment, payment shall be conclusively presumed to have been made· of each said note and installment, and the lien for the security of. same shall cease to exist, unless the same is extended by agreement in writing by the party or parties primarily liable·for the payment of the indebtedness, as provided by law."

Does this statute prescribe the limitation which regulates the transaction evidenced by the notes and deed of trust? Since this statute became effective the courts hold that where a series of notes is given limitation begins to run from the due date of the last note of the series. Hammann v. H. J. McMullen & Co., 122 Tex. 476, 62 S.W.2d 59; Shepherd v. Woodson Lumber Co., Tex.Civ.App., 63 S.W.2d 581; Kuykendall et al. v. Taylor et al., Tex.Civ.App., 89 S.W.2d 297. They also hold that installment payments on a note or contract are not barred until four years after the due date of the last installment. Mercantile Nat. Bank at Dallas v. Chanowsky et al., Tex.Civ.App., 89 S.W.2d 1068; Hutton v. Harwell, Tex.Civ.App., 95 S.W.2d 467.

The appellant, although he purchased from the owner but one of the notes, was subrogated by the contract to all the rights, liens· and equities of the owner though the lien transferred to him was made subordinate to the superior lien retained by the owner. Sullivan et ux. v. Doyle, 108 Tex. 368, 194 S.W. 136. We think that the note owned by appellant was one of a series of notes all secured by the same lien on .the same real estate, however, if it was not one of. a series of notes then the principal note and the interest notes, if considered one note or one instrument, was an installment note or an instrument payable in installments or partial payments and all were secured by the same lien on the same land.

This article of the statute applies to .rights pertaining. to real estate or contracts relative thereto. A series of notes as used in this article means, we think, notes issued following one another in uninterrupted succession. A note payable in installments is one given for a total amount of money to be paid within a certain time in sums less than the whole on fixed dates. Any other instrument which creates an obligation to pay for land in installments or partial payments would apparently include any obligation against real estate. We think that the principal note and the interest notes are a series of notes or an installment note or another instrument when construed with the deed of trust lien on the land all constitute·a transaction subject to the law of four year limitation prescribed in this article.

There are many transactions relative to the purchase and sale of land in which an installment contract or note is given with the provision that when an installment is paid the money shall be applied first to the accumulated interest and the balance to the principal of the obligation. Should an installment and interest remain unpaid for

four years after its due date, would limitation, if urged, defeat the collection of the interest accrued but not defeat the collection of the principal due at the same time? We think not.

In Broussard v. Beaumont Rice Mills et al., Tex.Civ.App., 115 S.W.2d 1235, 1237, the appellees sued the appellant on the 8th day of June, 1936 on a vendor's lien note for the sum of $2,297.60, payable in yearly installments of $500 each, with interest thereon at the rate of 8% per annum, payable annually as it accrued. These payments were to be applied first to discharge the accrued interest and the balance of the installment to principal. The first installment was due September 28, 1927 and the other installments annually thereafter. Nothing was ever paid on the note and it was never renewed or extended. On November 12, 1936 appellees were given judgment "for the full amount of the note, principal, interest and attorney's fees, in the sum of $6,732.77." The appellant urged the four year statute of limitation. In disposing of this plea the court said:

"Appellant complains, also, that the court erred in overruling his plea of the statute of four years' limitation. The note was executed on the 28th day of September, 1925. The first installment matured on the 28th day of September, 1926. Appellees' demand for that installment was barred by limitation on the 28th day of September, 1930. Article 5520, Rev.St.1925, before its amendment in 1931, effective August 21, 1931, see Acts 42d Legislature, chapter 136, page 230, Vernon's Ann.Civ.St. art. 5520; Citizens' National Bank of Hillsboro v. Graham, 117 Tex. 357,. 4 S.W. 2d 541.

"The second installment would not have been barred by limitation until September 28, 1931, which was subsequent to the effective date of the amendment of article 5520, Vernon's Ann.Civ.St. art. 5520. Under this amendment the installments of a vendor's lien note are not barred until four years after the maturity of the last installment which was on the 28th day of September, 1934. Therefore, the installments, subsequent to the first one, were not barred by limitation when this suit was filed on the 8th day of June, 1936. Johnson v. Steele, Tex.Civ.App., 87 S.W.2d 785; Shepherd v. Woodson Lumber Co., Tex. Civ.App., 63 S.W.2d 581; Hutton v. Harwell, Tex.Civ.App., 95 S.W.2d 467; Spen-

cer & Co. v. Coal & Oil Co., Tex.Civ.App., 91 S.W.2d 411; Crow v. Willard, Tex.Civ. App., 110 S.W.2d 161, 164.

"It follows that the judgment of the lower court should be reformed by eliminating from the amount of appellees'. recovery the first installment of $500 with annual interest thereon from the 28th day of September, 1926, and as reformed, affirmed."

It will be observed that the court in effect held that neither principal evidenced by the installment nor the accrued interest due with the installment was barred by limitation.

■■■■ The appellees alleged that the south 200 acres of the 320 acre tract involved constituted their homestead. The record shows that the parties agreed that the south 200 acres of the tract involved was the homestead of R. M. Stovall and wife and if the interest coupon was not barred by limitation five-eights of the amount of the judgment rendered thereon should be adjudged against said south 200 acres. The judgment rendered in the trial court decreed "the north two hundred (200) acres of land out of the west half of the section involved was the homestead of defendants."

The judgment decreeing that appellees should have and recover the North 200 acres of the 320 acre tract as their homestead is fundamental error since such judgment is not warranted by the pleading nor the proof. This part of the judgment is reversed and, since the pleading and the evidence disclosed without controversy that appellees should have and recover as their homestead the south 200 acres of land out of the west half of Survey No. 55, Block 1, in Floyd County, Texas, the judgment is here rendered decreeing to appellees the said 200 acres as above described as their homestead, subject to any valid lien against it.

The judgment of the court denying appellant a recovery on his coupon interest note and a foreclosure of the lien executed to secure the payment thereof because barred by limitation is, reversed and here rendered decreeing that appellant have and recover the principal sum of $330, with interest thereon, and a foreclosure of the deed of trust lien on the land securing the payment thereof.

The judgment is reversed and here rendered.