947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dale L. McCULLOUGH, Trustee in Bankruptcy for Brio
Petroleum, Inc., Plaintiff-Appellant,
v.
Billy G. YOUNG and Loretta M. Young, Defendants-Appellees.
 No. 91-7013.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1991.
 
 Before McKAY, Chief Judge, EBEL, Circuit Judges, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant/Trustee appeals the district court's affirmance of a bankruptcy court order denying his claims against Appellees under the Texas Business Corporation Act and the common law "trust fund" doctrine.[1] Although Appellant challenges several of the bankruptcy court's rulings as error and argues several points regarding its various claims against Appellees, we need only address one issue because its resolution is dispositive of Appellant's suit.
 
 
 3
 The sole remedy Appellant sought in this action is the imposition of a constructive trust on Appellees' homestead property in Mounds, Oklahoma. Brief of Appellant at 5; Complaint, Appellant's App. at 9. As the bankruptcy court correctly noted, before a court can impose a constructive trust, the plaintiff must be able to trace with some certainty the "tainted" funds to an identifiable res. Bankruptcy Court Order at 6. See Rosenberg v. Collins, 624 F.2d 659, 663 (5th Cir.1980); Peirce v. Sheldon Petroleum Co., 589 S.W.2d 849, 853 (Tex.Ct.App.1979). The bankruptcy court found that Appellant's evidence on this point was insufficient. Bankruptcy Court Order at 9. This finding was affirmed by the district court. District Court Order at 2-3. The tracing requirement is a factual determination, therefore, our review of the bankruptcy court's finding is limited to a clearly erroneous standard. See In re General Coffee Co., 64 B.R. 702, 709 n. 13 (S.D.Fla.1986), aff'd, 828 F.2d 699 (11th Cir.1987), cert. denied, 485 U.S. 1007 (1988).
 
 
 4
 Our review of the record leads us to agree with the bankruptcy court's finding. Contrary to Appellant's assertion in his brief on appeal, at no time during the trial did Appellees admit that funds from the Brio loans[2] were used to purchase or improve their homestead property. Although Appellant argues that strict tracing is not required, it is not enough to show that the Brio loan funds went into appellees' bank account. See In re Independent Clearing House Co., 41 B.R. 985, 1001 (Bankr.D. Utah 1984) (citing Texas & Pac. Ry. v. Pottorff, 291 U.S. 245, 261 n. 19 (1934)), rev'd in part on other grounds, 62 B.R. 118 (D. Utah 1986). Appellant must establish that Brio loan funds were used, even if only in part, to purchase or improve the Appellees' homestead property. See McMerty v. Herzog, 702 F.2d 127, 130 (8th Cir.1983); Landry v. Williamson, 335 S.W.2d 400, 405 (Tex.Ct.App.1960). Appellant presented no evidence that connected the Brio loan funds with any certainty to Appellees' homestead.[3]
 
 
 5
 On this point, Appellant argues on appeal that the bankruptcy court improperly placed the burden on the Appellant to distinguish the Brio loan funds from the balance of funds in Appellees' bank account. The burden to trace the funds to an identifiable res is, in the first instance, on the party seeking to impress the property with a constructive trust, in this case, the Appellant. See Independent Clearing House, 41 B.R. at 1001; Sims v. Falvey, 234 S.W.2d 465, 470 (Tex.Ct.App.1950). Had the Appellant established that Appellees' homestead was purchased or improved, even in part, with the Brio loan funds, only then would the burden have shifted to Appellees. See Independent Clearing House, 41 B.R. at 1004 n. 19; Sheldon Petroleum Corp. v. Peirce, 546 S.W.2d 954, 958 (Tex.Ct.App.1977). Appellant failed to trace any Brio loan funds to Appellees' homestead; the bankruptcy court properly placed the burden on Appellant.
 
 
 6
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Appellant's original suit was filed in the Northern District of Texas, Brief of Appellant at 3, and the Texas judgment registered in Oklahoma. Appellees subsequently filed for bankruptcy and moved to avoid the judgment lien on their homestead pursuant to 11 U.S.C. § 522(f). The Trustee, Appellant here, objected to the motion, and filed this adversary action against Appellees. Pre-Trial Order, Appellant's App. at 2122
 
 
 [2]
 Appellant contends that the funds which are the subject of this suit were not loans from Brio, but rather dividends or distributions. Because we do not reach this point on appeal, we will refer to the funds in this order and judgment as the Brio loan funds, in order to differentiate them from funds the Appellees may have received from Brio as salary or otherwise
 
 
 [3]
 In a further mischaracterization of the events at trial, Appellant contends that the court "refus[ed] to permit examination of the Debtor to prove the exact amount of the commingled funds which were used to acquire the homestead." Brief of Appellant at 40. The transcript reveals that the trial judge admonished Appellant's lawyer regarding his attempt to introduce previous deposition testimony as evidence at trial, limiting the use of the deposition to challenging Appellees' credibility. Appellant's characterization of this event is patently incorrect and misleading, in that it attempts to mask Appellant's failure to present any evidence tracing the Brio loan funds to Appellees' homestead