Stella v. Scott 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-398-CV





F.D. STELLA PRODUCTS CO.,



 
 APPELLANT


vs.





MILTON SCOTT, SR. AND BETTY JO SCOTT,



 APPELLEES



 




FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY



NO. 211,449, HONORABLE STEVE RUSSELL, JUDGE PRESIDING



 




 F. D. Stella Products Co., appellant, sued Milton Scott, Sr. and Betty Jo Scott,
appellees, for breach of an equipment lease. The Scotts moved for summary judgment, asserting
that Stella Products' suit was barred in its entirety by the four-year statute of limitations. See Tex.
Civ. Prac. & Rem. Code Ann. § 16.004 (West 1986). The trial court granted summary judgment
in favor of the Scotts, rendering judgment that Stella Products take nothing by its suit. Stella
Products brings a single point of error asserting that the Scotts failed to establish as a matter of
law that the entirety of its cause of action accrued more than four years before suit was filed. We
will reverse the trial court's judgment and remand the cause.


FACTUAL AND PROCEDURAL BACKGROUND


 On July 31, 1984, the Scotts entered into a lease agreement with Stella Products,
whereby they agreed to lease restaurant equipment for a sixty-month term at a monthly rent of
$1,001.73. (1) On March 21, 1985, the Scotts assigned their interest in the lease to Marvin J. Foss.

 Sometime before April 1, 1988, Foss stopped making payments under the lease. 
On July 20, 1988, Stella Products notified the Scotts that they had incurred a deficiency of
$40,949.79, including $10,327.63 past due as of April 1, 1988, and also including an accelerated
balance for future rent due, investment tax credit, cost of repossession of some of the equipment,
storage, unaccounted-for equipment, and interest charges. On October 21, 1991, Stella Products
sent the Scotts a statement of deficiency, which listed the July 1988 deficiency as well as finance
charges from August 1, 1988, in the amount of $21,133.01. Stella Products did not file suit
against the Scotts, however, until January 21, 1992.

 The Scotts filed a motion for summary judgment asserting that Stella Products' suit
was barred by the four-year statute of limitations contained in section 16.004 of the Civil Practice
and Remedies Code. The Scotts argued that Stella Products' July 1988 letter, which indicated that
the Scotts had a past-due balance of more than $10,000 on April 1, 1988, conclusively established
that any default in making monthly payments under the lease "necessarily occurred prior to
January 1, 1988, apparently on or about June 1987." Because suit was not filed until January 21,
1992, more than four years after default, the Scotts asserted that Stella Products' suit was barred
by the statute of limitations. The Scotts' motion for summary judgment was directed at the
entirety of Stella Products' claim. The trial court granted the Scotts' motion for summary
judgment, rendering judgment that Stella Products take nothing.


DISCUSSION


 In a single point of error, Stella Products argues that the summary judgment proof
failed to establish as a matter of law that the entirety of its cause of action accrued more than four
years before suit was filed. Stella Products contends that (1) the Scotts failed to establish
conclusively when any portion of Stella Products' claim accrued, and (2) even if the summary
judgment evidence conclusively established that the initial default occurred in the summer of 1987,
the Scotts failed to show that all of Stella Products' claim was barred by limitations.

 The standards for reviewing a motion for summary judgment are well established:
(1) the movant for summary judgment has the burden of showing that no genuine issue of material
fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is
a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; and (3) every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985).

 Stella Products argues that the statute of limitations ran separately on each monthly
payment due under the lease. Under this theory, payments that were due after January 21,
1988four years before the filing of suitwould not be barred. Thus, Stella Products contends
that, even if the summary judgment evidence conclusively established that default first occurred
before January 21, 1988, the Scotts did not establish that all of Stella Products' claims were
barred. We agree.

 Although there are no Texas cases directly on point, various authorities support the
conclusion that periodic lease payments should be treated in the same manner as installment
contracts, with limitations running separately on each missed payment. (2) When one party does not
perform a material obligation under a continuing contract, the other party to the contract generally
has two options. First, the injured party may treat the contract as still in force, retaining the right
to sue "on the contract." The injured party's second option is to treat the failure to perform as
a complete breach and terminate the contract, thereby terminating all rights and duties of each
party thereunder. (3) Wilson v. Woolf, 274 S.W.2d 154, 159 (Tex. Civ. App.Fort Worth 1955,
writ ref'd n.r.e.); Sims v. Falvey, 234 S.W.2d 465 (Tex. Civ. App.Beaumont 1950, writ ref'd
n.r.e.).

 The applicable statute of limitations begins to run when a right of action accrues. 
Atkins v. Crosland, 417 S.W.2d 150, 152 (Tex. 1967); Warnecke v. Broad, 161 S.W.2d 453,
454-55 (Tex. 1942). A cause of action for "damages" for breach of contract accrues only if the
injured party elects to treat the contract as terminated. See Howell v. Kelly, 534 S.W.2d 737,
739-40 (Tex. Civ. App.Houston [1st Dist.] 1976, no writ); Sims, 234 S.W.2d at 471. In
contrast, once there is a failure to perform, a cause of action in the nature of specific performance
under the contract immediately accrues. Wilson, 274 S.W.2d at 158. Logically, therefore, the
statute of limitations on a claim for damages for breach of contract begins to run only when the
injured party elects to treat the contract as terminated. 

 Likewise, under a lease providing for monthly rental payments, a landlord has two
options when a tenant defaults. The landlord may "stand on the contract" and sue for each
month's rent separately, or he may treat the lease as terminated and sue once for damages for
breach of contract. Western Flavor-Seal Co. v. Kallison, 389 S.W.2d 521, 522 (Tex. Civ.
App.San Antonio 1965, no writ); Amco Trust, Inc. v. Naylor, 311 S.W.2d 257, 260 (Tex. Civ.
App.San Antonio 1958), rev'd on other grounds, 317 S.W.2d 47 (Tex. 1958). That is, the
landlord has the option of (1) treating a missed rent payment as a breach terminating the entire
lease, or (2) keeping the lease alive and suing for rents as they accrue thereafter. Stubbs v. Stuart,
469 S.W.2d 311, 312 (Tex. Civ. App.Houston [14th Dist.] 1971, no writ).

 Under the lease in this case, after the Scotts initially defaulted on their payment
obligation, Stella Products had the option of treating the lease as still in force and suing for each
missed month's rent or treating the lease as terminated and suing for breach of the entire lease. 
The July 1988 letter shows that, after the first missed rent payment, Stella Products did not
immediately accelerate the payments for the remaining term of the lease. Indeed, the summary
judgment evidence seems to indicate that the acceleration occurred after January 21, 1988. 
Accordingly, the Scotts did not conclusively establish that Stella Products elected to treat the lease
as terminated upon the first default or at any time before January 21, 1988.

 For breach of contracts requiring fixed, periodic payments, Texas law is clear that
a separate cause of action arises for each missed payment. See Intermedics, Inc. v. Grady, 683
S.W.2d 842, 845 (Tex. App.--Houston [1st Dist.] 1984, writ ref'd n.r.e.) ("[I]f the terms of an
agreement call for periodic payments during the course of the contract, a cause of action for such
payments may arise at the end of each period, before the contract is completed); Gabriel v.
Alhabbal, 618 S.W.2d 894, 897 (Tex. Civ. App.Houston [1st. Dist.] 1981, writ ref'd n.r.e.);
Hughes v. Stovall, 135 S.W.2d 603, 606 (Tex. Civ. App.Amarillo 1939, writ dism'd judgm't
cor.); cf. Dvorken v. Lone Star Indus., Inc., 740 S.W.2d 565, 567 (Tex. App.--Fort Worth 1987,
no writ). The cause of action accrues when each payment is due, and the injured party has four
years to bring suit. Gabriel, 618 S.W.2d at 897. Thus, a suit for the breach of a contract
requiring payment in periodic installments may include all payments due within the four-year
statute of limitations period, even if the initial breach was beyond the limitations period. 
Recovery of any payments due before the four-year limit is barred, since a suit on each individual
payment more than four years overdue would also be barred. See Rockwall County v. Roberts
County, 128 S.W. 369, 370 (Tex. 1910); Hollander v. Capon, 853 S.W.2d 723, 726-27 (Tex.
App.Houston [1st Dist.] 1993, writ denied); Hughes, 135 S.W.2d at 606.

 Courts have used this "installment contract" approach in a variety of situations. 
For example, coupons on county bonds due each year have been considered as installment
contracts. Rockwall County, 128 S.W. 369. Periodic payments for promissory notes have been
considered installment contracts for the purpose of determining accrual of a cause of action. 
Hughes, 135 S.W.2d 603. The settlement of a divorce action requiring periodic payments to an
ex-spouse has been treated as an installment contract. In Sims, for example, a husband owed his
ex-wife monthly support payments of $350. 234 S.W.2d 465. Those payments stopped in 1929,
except for $100 per month. The court held the wife's cause of action for breach of contract due
to missed support payments did not accrue until she elected to treat the contract as breached. Id.
at 471. Thus, in 1949 the ex-wife was permitted to recover four years' worth of missed support
payments under her breach-of-contract claim. The other sixteen years' worth of payments were
barred by the statute of limitations. Id. at 472.

 Thus, Texas law is settled that in any circumstance where a contract requires fixed,
periodic payments, the statute of limitations for a breach-of-contract claim will bar only those
payments due more than four years before the filing of suit. The issue in the present case is
whether a lease also gives a new cause of action each time a rent payment is missed. Although
we have found no Texas cases specifically addressing the applicability of installment-contract
principles to leases with respect to the issue of limitations, logic dictates that they should be
treated in the same fashion. Leases are similar to installment contracts. The essential feature of
a divisible contract is that a portion of the price is set off against a portion of the performance;
therefore, when a part of the performance has been rendered, a debt for that part immediately
arises. 6 Williston on Contracts, § 861 (Walter H. E. Jaeger ed., 3d ed. 1962). An installment
contract under which the monthly payment is for a portion of the goods received is a classic
divisible contract. So too is a lease, in which a month's use of the lessor's property is set off by
a month's worth of rent. Under such a lease, for each month's use there is a new debt
apportioned as monthly rent.

 Commentators and courts in other jurisdictions have also recognized that when
applying statute-of-limitations principles to a divisible contract, limitations runs separately as to
each payment or performance when it becomes due, either as an independent obligation or as a
return for an installment of the counter-performance. 18 Williston, supra, § 2026c. Thus, when
periodic payments are required to be made, each failure to pay creates a new cause of action. 
Russell v. United States, 314 F.2d 809, 811 (Ct. Cl. 1963); Gardiner v. Montegut, 175 So. 120,
122 (La. Ct. App. 1937). Applied specifically to leases, California courts have held that if a lease
fixes the amount of rent due and the time of payment, the fact that the lessee was behind in rent
and that the lease could have been terminated does not affect the lease's character as an existing
contract. Thus, the statute of limitations applies to each payment as a separate cause of action. 
See Davenport v. Stratton, 149 P.2d 4, 14 (Cal. 1944); Tillson v. Peters, 107 P.2d 434, 437 (Cal.
Ct. App. 1940); Lee v. DeForest, 71 P.2d 285 (Cal. Ct. App. 1937). North Carolina courts have
reached the same conclusion: when considering a lease with monthly payments, the statute of
limitations runs against each installment individually when it becomes due. U.S. Leasing Corp.
v. Everett, Creech, Hancock & Herzig, 363 S.E.2d 665, 669 (N.C. Ct. App. 1988). In U.S.
Leasing, the North Carolina court specifically rejected the plaintiff's contention that the statute
of limitations did not begin to run until the plaintiff attempted to repossess. The court also
rejected the defendant's contention that the first failure to make a payment automatically started
the statute of limitations as to the entire action. U.S. Leasing, 363 S.E.2d at 669. Finally, the
Fifth Circuit considered a Texas lease for oil royalties in which the payments were due monthly
and concluded that a separate statute of limitations existed for each installment as it became due. 
See Phillips Petroleum Co. v. Johnson, 155 F.2d 185, 194 (5th Cir.), cert. denied, 329 U.S. 730
(1946).

 We conclude that leases should be treated as installment contracts for the purpose
of the accrual of a cause of action and the running of the applicable statute of limitations. In the
present case, the Scotts did not conclusively prove that Stella Products treated the lease as
terminated before January 21, 1988. Although some of the lease payments for which Stella
Products is suing appear to have been missed before that date, the Scotts' motion for summary
judgment was addressed to Stella Products' claim in its entirety. Because the Scotts did not show
themselves entitled as a matter of law to the judgment they sought, they failed to carry their
summary-judgment burden.


CONCLUSION


 We reverse the summary judgment of the trial court and remand the cause for
further proceedings.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: April 27, 1994

Publish
1. The Scotts were operating as M.D.S. Enterprises d/b/a Crusty's Pizza. The original
lessor was Potomac Leasing Company. Stella Products was assigned Potomac's interest in the
lease.
2. Stella Products cites Hansen v. Ken Stoepel Ford, Inc., 515 S.W.2d 1 (Tex. Civ.
App.San Antonio 1974, no writ), in support of its proposition that an equipment lessor's
cause of action for missed payments accrues when each payment becomes due. However, we
read Hansen as supporting only the proposition that the cause of action for a monthly rent
payment accrues on the date rent is due, not the date of future acceleration of rents.
3. In certain circumstances, the injured party could have a third option: treat the contract
as rescinded and sue under quantum meruit. See Howell v. Kelly, 534 S.W.2d 737, 739 (Tex.
Civ. App.Houston [1st Dist.] 1976, no writ).